JUDGE ROBERTSON
delivered the opihtoit oe the court.
The charter of the city of Frankfort authorized the mayor and council to pass any police laws for security and comfort consistent with the constitution and laws of the state.
Under that authority, the mayor and council, in the year 1868, adopted the following ordinance:
“ Any person who shall within the limits of the city keep or harbor any animal of the dog kind that shall bite or fiercely attack any person whatever, such animal at the time of such biting or attack not being within the inclosure of its owner or controller, such person so harboring or keeping said animal shall on conviction be fined one hundred dollars.”
A slut, alleged to have - been under the control of the appellee, was charged with biting a small boy in a street in Frankfort. At the instance of the council the appellee was prosecuted in the police court for that biting, and on an appeal to the circuit court a verdict against Tiim in that court was set aside and the prosecution dismissed by the-circuit judge on the ground that the ordinance conflicts with the general law of the state, and is so far void.
*163 The common law subjects the owner or keeper of any animal known by him to be vicious to a civil action for any damage wantonly done by it.
The ordinance evidently dispenses with the scienter in a proceeding criminaliter; and, as argued in this court, we presume that, as there was neither charge nor proof of the appellee’s knowledge of such biting propensity, the ordinance subjecting him to a fine without such knowledge is inconsistent with the state law, and therefore void.
But this was erroneous for two reasons: 1. Had the state law been, as the counsel supposed, in reference to civil actions by the parties personally injured, the city of Frankfort had unquestionable power either to keep dogs out of the city, or to provide that if any citizen should venture the consequences of keeping such pestilent animal within the limits he should be punishable for all damage to the peace and security of the city which might result, even without his fault. 2. 'But the state law, at the date of the ordinance and now, makes every owner or keeper of a dog liable “to the party injured for all damage done by such dog.” (Section 3 of an act of January, 1865, Myers’s Supplement, 190.) This enactment constructively repeals the common law as to the necessity of the scienter even in civil actions.
Wherefore the judgment is reversed, and the cause remanded to the circuit court for a new trial, in which the only doubtful question for investigation will be whether the slut or an accompanying dog bit the child, and whether, in the sense of the ordinance, the appellee was either the “ owner or controller” of the slut.